**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:11-cr-00312-JCM-PAL |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | (Mtn for Discovery - Dkt. #36) |
| ANIL MATHUR, ) | (Mtn to Reveal - Dkt. #37) |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant Anil Mathur's Request for Discovery and for Disclosure of All Exculpatory Evidence and Incorporated Statement of Authority (Dkt. #36), Mathur's Motion to Reveal Confidential Informant (Dkt. #37), and the government's Consolidated Opposition (Dkt. #40).woot  Mathur did not file a reply, and the time for filing one has now run.

**BACKGROUND**

The grand jury returned an Indictment (Dkt. #1) against Defendant Mathur on August 23, 2011, charging him with nine counts of paying illegal remunerations, in violation of 42 U.S.C. § 1320 a-7b(b)(2)(A).  The Indictment alleges Mathur offered kickbacks and bribes to a physician in exchange for referrals of Medicare patients and contains forfeiture allegations.  The first forfeiture allegation seeks to recover $6,000.00 in kickbacks or bribes allegedly paid by Mathur between July 30, 2010, and December 7, 2010.  The second forfeiture allegation seeks a monetary judgment in the amount of $14,347.68–the amount the government contends Medicare paid for services rendered after March 23, 2010, to Medicare patients referred by the physician receiving kickbacks or bribes.

/ / /

/ / /

/ / /

# DISCUSSION

I. **Motion for Discovery (Dkt. #36).**

    A.    **The Parties' Positions.**

In the Motion for Discovery (Dkt. #36), Mathur requests the government disclose a laundry list of information pursuant to the United States Supreme Court's decision in *Brady v. Maryland,* 373 U.S. 83 (1963). The Motion is supported by a citation to *Brady* and states it is made to preserve the record concerning Defendant's request for discovery. In response, the government asserts the motion should be denied because it produced all discoverable evidence and made an in camera submission of tangentially-related documents to the undersigned for consideration. The government is not withholding any evidence properly discoverable under the Jencks Act, *Brady v. Maryland*, or its progeny. The government concedes that it has not produced the case agent's grand jury testimony, but states that if it calls her as a witness at trial, it will produce her grand jury testimony pursuant to the Jencks Act.

    B.    **Applicable Law & Analysis.**

As a initial matter, the court notes that Defendant has not complied with LCR 16-1(c), which provides,

> Before filing any motion for discovery, the moving party shall confer with opposing counsel in a good faith effort to resolve the discovery dispute. Any motion for discovery shall contain a statement of counsel for the moving party certifying that, after personal consultation with counsel for the opposing party, counsel has been unable to resolve the dispute without Court action.

*Id.* Defendant Mathur's Motion for Discovery makes no such certification, and it should be denied on this basis alone. However, the court will also address the merits to avoid future motion practice.

Generally, there is no constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). However, certain discrete areas of discovery do exist, and Federal Rule of Criminal Procedure 16, the Jencks Act, and the rules articulated in *Brady v. Maryland* and *Giglio v. United States* govern discovery in criminal proceedings. *See generally* Fed.R.Crim.P. 16, 18 U.S.C. § 3500 (1994), *Brady v. Maryland*, 373 U.S. 83 (1963) (holding that due process is violated where government withholds favorable material evidence from defense), and *Giglio v. United States*, 405 U.S. 150 (1972).

The Supreme Court has held that the government's failure to produce evidence favorable to an accused, where the accused has requested the evidence "violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) (citing *Brady*, 373 U.S. at 87).  The government has a constitutional duty to disclose exculpatory material pursuant to *Brady*, and no court order is required. *Id*. Additionally, it is the government's obligation to turn over all material information casting a doubt on a government witness's credibility. *United States v. Bernel-Obeso*, 989 F.2d 331, 333-34 (9th Cir. 1993); *see also Giglio*, 405 U.S. at 154-55.

The disclosure required by *Brady* "extends to impeachment evidence, if the reliability of the witness may be determinative of the defendant's guilt or innocence." *United States v. Bracy*, 67 F.3d 1421, 1428 (9th Cir. 1995) (citing *Giglio*, 405 U.S. at 154). Information bearing on a witness's credibility "must include the witness's criminal record, including prison records, and any information therein which bears on credibility." *Carriger v. Stewart*, 132 F.3d 463, 480 (9th Cir. 1997); *see also United States v. Bracy*, 67 F.3d 1421, 1428-29 (9th Cir. 1995).

Additionally, disclosure of *Brady* material must occur before trial. *United States v. Nagra*, 147 F.3d 875, 881 (9th Cir. 1988). The disclosure must be made at a time when it would be of value to the accused. *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) (quoting *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985)); *see also United States v. Shelton*, 588 F.2d 1242, 1247 (9th Cir. 1978) (delay in disclosure only requires reversal if it prejudiced appellant's preparation or presentation of his defense such that he was prevented from receiving fair trial.), *cert. denied*, 442 U.S. 909 (1979).

The Jencks Act requires the government to produce all prior relevant statements of a witness after that witness has been called by the government to testify on direct examination. The government must disclose such criminal history and other background information regarding government witnesses as is material and reasonable under *Brady* and *Giglio*. *See Carriger*, 132 F.3d at 480; *Bracy*, 67 F.3d at 142-29; *United States v. Flores*, 540 F.2d 432, 437 (9th Cir. 1976); *Briggs v. Raines*, 652 F.2d 862 (9th Cir. 1981). The court cannot force the government to produce Jencks Act statements before the witness testifies. *See United States v. Mills*, 641 F.2d 785, 789-90 (9th Cir.), *cert. denied*, 454 U.S.

902 (1981). An order requiring early disclosure is unenforceable. *United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986), *cert. denied*, 479 U.S. 1094 (1987).

Mathur states this motion was filed to preserve the record. The government affirmatively represents that it has produced all discoverable information it is required to produce, including exculpatory and impeachment evidence and is aware of its ongoing obligations to produce discovery and supplement its previous production. Mathur does not contend otherwise. Accordingly, the Motion for Discovery (Dkt. #36) is denied.

## II.     Motion to Reveal Confidential Informant (Dkt. #37).

### A.     The Parties' Positions.

In the Motion to Reveal Confidential Informant (Dkt. #37), Mathur asserts the confidential informant in this case was a percipient, material witness and a catalyst to the charged offenses, and the informant "may have information relevant to the issues of entrapment, imperfect entrapment, and sentencing entrapment." Motion (Dkt. #37) at 3:19-21. The informant's identity and testimony is important because Mathur may wish to subpoena him as part of Mathur's case-in-chief. Mathur requests the government not only disclose the informant's identity but also produce the informant prior to trial so that defense counsel can interview him in advance and investigate the informant's background and credibility. Additionally, Mathur seeks the informant's current and previous addresses. Finally, Mathur requests disclosure of all impeachment evidence, including evidence related to the informant's biases or motives.

The government states in its Opposition that the confidential informant in this case is actually a "confidential human source" ("CHS") because he is an individual who provided useful or credible information to law enforcement for an authorized information collection activity, and from whom law enforcement intends to obtain additional useful or credible information in the future, and the CHS' identity, information, or relationship with law enforcement warrants confidentiality. A confidential informant, on the other hand, is an individual who provides information about criminal activity, usually in which he or she was involved, to law enforcement agents. *See* Opposition at 3, n. 4. For consistency, this Order will refer to the informant as a CHS.

///

On the merits, the government maintains that the CHS's identity has never been concealed from Mathur, and defense counsel has referred to the CHS by name during discussions of the case with the counsel for the government. The government represents that the CHS has never been paid by the FBI; has not been charged with a crime, immunized from prosecution, or received promises regarding non-prosecution; has no criminal record; and is not cooperating to receive beneficial treatment in another case for himself or his family. The government has adhered to all relevant discovery rules concerning the CHS, including Rules 16 and 26.1 of the Federal Rules of Criminal Procedure, the Jencks Act, and *Brady v. Maryland* and its progeny, and it has not withheld relevant or material evidence regarding the CHS's role in this case.

The government asserts that it is not required to produce the CHS and contends the cases cited by Mathur to support his arguments are inapposite. With regard to Mathur's request for documents related to an investigation by the CHS's employer concerning this case, the government believes Mathur has specific information about an internal investigation. If Mathur provides additional information about this request, the government will attempt to procure the information Mathur requests. At this time, however, the government has no information in its possession, custody, or control.

**B.     Applicable Law & Analysis.**

The government represents, and Mathur does not dispute, that Mathur is aware of the CHS's identity, and has received discovery related to the CHS. The government produced discovery to Defendant identifying the CHS by name, and defense counsel has referred to the CHS by name in discussions with government counsel regarding this case. Mathur also made a discovery request concerning an investigation by the CHS's employer. The CHS's identity, profession, and business address are thus plainly known to Mathur and his counsel. The CHS is not a confidential informant whose identity has been withheld by the government, and the case cited in support of Mathur's request that the government produce a confidential informant–*United States v. Hernandez*, 608 F.2d 741 (9th Cir. 1979)–is inapposite.

*Callahan v. United States,* 371 F.2d 658 (9th Cir. 1967) also does not support Mathur's motion. There the Defendant sought to dismiss the indictment against him after trial asserting that the government violated his 5th and 6th Amendment rights by telling witnesses who had been subpoenaed for

5

trial that they need not talk to anyone about the case. Defense counsel understood that at least one of the witnesses thought he could not talk to defense counsel. No evidence was presented in support of the claim and government counsel denied that anyone in his office or in the U.S. Marshal's Service told any witness not to talk to defense counsel. The court denied the motion. Mathur does not claim the government is interfering with his ability to interview the CHS. The Ninth Circuit has held that "a witness belongs neither to the government nor to the defense. Both sides have the right to interview a witness before trial." *United States v. Cook,* 608 F.2d 1175, 1180 (9th Cir. 1979). As Mathur is aware of the CHS's identity, profession, and place of employment, his counsel may interview the CHS. The government is not obligated to produce the CHS for an interview.

Based upon the foregoing,

**IT IS ORDERED**:

1. Defendant's Motion for Discovery (Dkt. #36) is DENIED.
2. Defendant's Motion to Reveal the CHS (Dkt. #37) is DENIED.

Dated this 3rd day of April, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE