1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7   UNITED STATES OF AMERICA,                )
                                             )
8                          Plaintiff,        )      Case No. 2:11-cr-00312-MMD-PAL
                                             )
9   vs.                                      )      **REPORT OF FINDINGS AND**
                                             )      **RECOMMENDATION**
10  ANIL MATHUR,                             )
                                             )      (Motion to Dismiss - Dkt. #51)
11                         Defendant.        )
    _____)
12

13          Before the court is Defendant's Motion to Dismiss Counts One through Six of the Indictment or,

14   in the Alternative, Counts Seven through Nine and for Related Relief (Dkt. #51).  The motion was

15   referred to the undersigned for a report of findings and recommendation pursuant to 28 U.S.C. §

16   636(b)(1)(B) and LR IB 1-4.  The court has considered the Motion, the United States' Opposition (Dkt.

17   #60), and Defendant's Reply (Dkt. #69).

18                                        **BACKGROUND**

19          The grand jury returned an Indictment (Dkt. #1) against Defendant Mathur on August 23, 2011,

20   charging him with nine counts of paying illegal remunerations, in violation of 42 U.S.C. § 1320 a-

21   7b(b)(2)(A).  The Indictment alleges Mathur offered kickbacks and bribes to a physician in exchange

22   for referrals of Medicare patients and contains forfeiture allegations.  The first forfeiture allegation

23   seeks to recover $6,000.00 in kickbacks or bribes allegedly paid by Mathur between July 30, 2010, and

24   December 7, 2010.  The second forfeiture allegation seeks a monetary judgment in the amount of

25   $14,347.68–the amount the government contends Medicare paid for services rendered after March 23,

26   2010, to Medicare patients referred by the physician receiving kickbacks or bribes.

27   / / /

28   / / /

## DISCUSSION

Mathur argues that the Patient Protection and Affordable Care Act ("PPACA") which became effective March 23, 2010, significantly amended the Anti-Kickback statute, 42 U.S.C. § 1320a-7b(b). Before passage of the PPACA, the Ninth Circuit had held that the terms "knowing and willful" for purposes of the statute required proof of a specific intent on the part of the Defendant to violate the Act. The 2010 amendments to the Anti-Kickback Act included a provision, 42 U.S.C. § 1320a-7b(h) that provides that "[w]ith respect to violations of this section, a person need not have actual knowledge of this section or specific intent to commit a violation of this section."

Mathur argues that this change dramatically altered what prosecutors are required to prove because the government no longer needs to show either actual knowledge of the law or specific intent to violate it. He seeks dismissal of the indictment, or to require the government to elect to prosecute either Counts One through Six, or Seven through Nine. Counts One through Six of the indictment allege unlawful conduct occurring between December 21, 2008, through March 15, 2010, prior to the effective date of the PPACA and its amendment of the *scienter* requirement of the Anti-Kickback Act. Counts Seven through Nine allege conduct occurring between July 30, 2010, and December 7, 2010, after the enactment of the amendment. Mathur contends that fashioning an appropriate jury instruction on the elements of the crimes charged and what the government must prove will be confusing and nearly impossible because the *scienter* requirement on Counts One through Six is directly opposite of what the *scienter* requirement is for Counts Seven through Nine. The only remedy, he argues, is to limit the government to prosecuting him under either Counts One through Six, or Counts Seven through Nine. This is because the government cannot have it both ways and place the court in the untenable position of inviting complete confusion on the part of the jury. He suggests that confusing jury instructions may result in a hung jury which will waste judicial and taxpayer resources.

The government filed a consolidated Opposition (Dkt. #60) to Mathur's Motion to Dismiss Based on Constitutional Principles (Dkt. #48), and this Motion (Dkt. #51). The government argues that Congress enacted the PPACA adding a new subsection to the Anti-Kickback Act, 42 U.S.C. § 1320a-7b to resolve a split of authority in the circuits concerning the *scienter* requirement. The government contends that the 2010 amendment merely clarifies that the Ninth Circuit's construction of the phrase

"knowingly and willfully" announced in *Hanlester Network v. Shalala*, 51 F.3d 1390 (9th Cir. 1995)
should not be applied.  Rather, Congress clarified that the phrase "knowingly and willfully" for
purposes of the Anti-Kickback Act does not require proof that the defendant both intended to engage in
unlawful conduct and knew of the Anti-Kickback Act, and intended to violate it.  The amendment
resolved a split of authority among the courts of appeal on the *mens rea* requirement Congress intended.

In *Hanlester,* the Ninth Circuit construed the phrase "knowingly and willfully" to require the
United States to prove that a defendant: (1) knew that the Anti-Kickback Act prohibited offering or
paying remuneration to induce referrals; and (2) engaged in prohibited conduct with the specific intent
to disobey the law.  The Ninth Circuit was the only court to conclude that the phrase "knowingly and
willfully" in the Anti-Kickback Act required proof that a defendant violated a known legal duty.  The
majority view was first articulated by the First Circuit in *United States v. Baystate Ambulance &
Hospital Rental Service, Inc.*, 874 F.2d 20 (1st Cir. 1989).  There, the First Circuit upheld the jury
instruction that the term "knowingly" simply means to do something voluntarily or deliberately and not
by mistake or accident.  The First Circuit also approved a jury instruction which defined the term
"willfully" for purposes of the Anti-Kickback Act to mean to do something purposely with the intent to
violate the law, or to do something purposely that the law forbids.  Other circuit courts of appeal and
district courts adopted different formulations, but all had concluded that the United States is not
required to prove that the defendant knew of and intended to violate the Anti-Kickback Act to be
convicted of an offense.

The government points out that the PPACA amendment of the *scienter* requirement does not
eliminate the Anti-Kickback Act *scienter* requirement altogether.  Rather, Congress implicitly adopted
the majority view of the courts to have decided the issue, that the United States need not prove that the
defendant knew of and intended to violate the Anti-Kickback Act to be convicted.  The United States
argues that, in the context of this case, the 2010 amendment presents a non-controversial legal issue of
which construction of the phrase "knowingly and willfully" applies when the defendant's criminal acts
"straddle a statutory clarification."  The government maintains that Mathur's motion does not answer
this question, but demands that the United States "reconstruct the indictment" or be limited to making
an election on which counts to prosecute.  The United States contends that its refusal to "elect" which

1  construction applies to the phrase "knowingly and willfully" does not implicate any legal infirmity in

2  the indictment.

3      The government also argues it is not required to explain what construction of "knowingly and

4  willfully" will apply at trial, and that Mathur cites no case to support his proposition it must.  The

5  government suggests that, to the extent the parties disagree, the parties' respective positions will be

6  stated during the jury instruction phase as in all other cases, after all the evidence has been presented.

7  The United States will take the position that the *Baystate Ambulance* construction of the "knowingly

8  and willfully" *scienter* requirement applies to all counts of the indictment.  This issue should be briefed

9  after the evidence is in for the trial court to decide.  Moreover, a disagreement about an appropriate jury

10  instruction is no basis to dismiss the indictment.

11      Mathur replies that this motion was filed because government counsel refused to identify which

12  legal standard applies to the *mens rea* requirement of the Anti-Kickback statute.  Mathur contends that

13  the *mens rea* requirement was "radically altered" by the 2010 amendments to the PPACA.  Prior to the

14  enactment of the PPACA the Ninth Circuit had applied a heightened *mens rea* standard.  The

15  amendment to the PPACA *mens rea* requirement "implicate a much lower *mens rea* standard."  The

16  gravamen of Mathur's argument in the motion to dismiss was that because of the PPACA the elements

17  the government must prove concerning Counts One through Six are completely different from the *mens*

18  *rea* requirements the government must prove under Counts Seven through Nine.  The reply also

19  suggested that the entire matter may be rendered moot because at the time the reply was filed, the

20  constitutionality of the PPACA was under submission to the Supreme Court.  Mathur reasoned that if

21  the Act was declared unconstitutional, then the Ninth Circuit *Hanlester* decision would remain good

22  law on the *mens rea* requirement the government must prove in this case.

23      The reply also asserted that even assuming that the government's position that the PPACA is a

24  mere clarification of the *mens rea* requirement is correct, the plain language of the statute does not

25  indicate that Congress intended that the amendment would be retroactive.  A retroactive application of

26  the amendment implicates the *ex post facto* clause of the Constitution.  Thus, although Congress may

27  have intended to clarify and harmonize the law as the government argues, the PPACA cannot be

28  retroactively applied to Mathur with respect to Counts One through Six of the indictment.  Mathur

1  contends that the court must resolve the *mens rea* issue before trial to allow counsel to competently

2  prepare for trial.  Without a decision of this issue, defense counsel will be at a disadvantage at trial and

3  during cross examination by not knowing the *mens rea* requirement that applies.  Mathur suggests that

4  the government's failure to take a position "is merely an attempt by the government to insure Defendant

5  does not testify on his own behalf."  Therefore, the court must resolve this issue before trial and not

6  after the evidence is presented.

7         Having reviewed and considered the moving and responsive papers, the court will recommend

8  that Mathur's motion to dismiss or require the government to elect which counts it will prosecute be

9  denied.  Mathur cites no case for the proposition that an indictment must be dismissed where, as here,

10  Congress passed an amendment to the statute further defining the *scienter* requirement in an indictment

11  that alleges unlawful conduct occurring both before and after the effective date of the amendment.

12  Mathur's reply argues, for the first time, that Congress did not intend to apply the amendment to the

13  *mens rea* requirement retroactively.  Mathur also raises the *ex post facto* implications of applying an

14  amendment retroactively for the first time in his reply brief.  Mathur is on notice that the government

15  contends that the Ninth Circuit's decision in *Hanlester* was an "outlier" and that the *mens rea*

16  requirement of the Anti-Kickback Act was appropriately decided by the First Circuit in *Baystate*

17  *Ambulance* and the Eighth Circuit in *United States v. Jain,* 93 F.3d 436 (8th Cir. 1996).  The court

18  agrees that the trial court will be in the best position to decide issues of the retroactivity of the *mens rea*

19  amendment to the Anti-Kickback Act, and its *ex post facto* implications at trial during the jury

20  instruction phase, when the evidence has been presented, and the matters fully briefed.

21         For the reasons stated,

22         **IT IS RECOMMENDED** that Mathur's Motion to Dismiss Counts One through Six of the

23  Indictment or, in the Alternative, Counts Seven Through Nine and for Related Relief (Dkt. #51) be

24  **DENIED**.

25         Dated this 4th day of September, 2012.

26

27         _____
           Peggy A. Leen

28         United States Magistrate Judge