**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ANIL MATHUR, ) <br> ) <br> Defendant. ) <br>_____) | Case No. 2:11-cr-00312-MMD-PAL <br><br> **ORDER** <br><br> (Mtn to Strike - Dkt. #74) |

This matter is before the court on Defendant Anil Mathur's Motion to Strike Prejudicial Surplusage from the Indictment (Dkt. #74). The court has considered the Motion, the government's Response (Dkt. #90), and Mathur's Reply (Dkt. #91).

### BACKGROUND

The grand jury returned an Indictment (Dkt. #1) against Defendant Mathur on August 23, 2011, charging him with nine counts of paying illegal remunerations, in violation of 42 U.S.C. § 1320 a-7b(b)(2)(A). The Indictment alleges Mathur offered kickbacks and bribes to a physician in exchange for referrals of Medicare patients and contains forfeiture allegations. The first forfeiture allegation seeks to recover $6,000.00 in kickbacks or bribes allegedly paid by Mathur between July 30, 2010, and December 7, 2010. The second forfeiture allegation seeks a monetary judgment in the amount of $14,347.68–the amount the government contends Medicare paid for services rendered after March 23, 2010, to Medicare patients referred by the physician receiving kickbacks or bribes.

### DISCUSSION

As an initial matter, the court notes that Mathur certified that the Motion was timely filed, and he references "Pacer document 53 filed on March 20, 2012." Motion at 2, n.1. Mathur refers to his Motion to Hold Pretrial Motion Deadline in Abeyance (Dkt. #53), which he filed on May 20, 2012,

nearly two weeks after the extended deadline for filing pretrial motions had run.  *See* Order on Stipulation (Dkt. #39) (extending pretrial motion deadline until March 8, 2012).  The court denied the Motion to Hold Pretrial Deadlines in Abeyance in an Order (Dkt. #99) entered June 22, 2012.  Accordingly, despite Mathur's certification, the instant Motion was untimely.  However, the court will nevertheless resolve the motion on the merits.

I.     **The Parties' Positions.**

    A.     **Mathur's Motion to Strike (Dkt. #74).**

Mathur seeks an order pursuant to Rule 7(d) striking certain language from paragraph four of the Indictment (Dkt. #1), which provides,

> The federal anti-kickback statute is codified at Title 42, United States Code, Section 1320a-7(b)b.  Under the anti-kickback statute, among other things, it is illegal to knowingly and wilfully confer remuneration (anything of value), including any bribe, kickback or rebate, to any person, **if any one purpose of conferring remuneration** is to induce that person to refer an individual for the furnishing of any item or service for which payment may be made under a Federal health care program such as Medicare.

*Id.* at 2:7-12 (emphasis added).

Mathur contends the bolded language above is prejudicial and should be stricken because it "significantly lowers the elements the government must prove to obtain a conviction in this case." Motion at 3:4-5.  Mathur asserts the "one purpose" language is not contained in the charging statute, 42 U.S.C. § 1320a-7b(b), and the government imported that language from the Third and Ninth Circuit's decisions in *United States v. Greber*, 760 F.2d 68, 72 (3d Cir. 1985) and *United States v. Kats*, 871 F.2d 105, 108 (9th Cir. 1989).  Both decisions held that a defendant could be convicted of a violation of the anti-kickback statute if "one purpose" of the remuneration is to induce or reward referrals of Federal health care program business.  Mathur argues that in *United States v. Gaudin*, 515 U.S. 506 (1995), the Supreme Court overruled *Greber*  holding that where a statute uses "knowingly and wilfully," the government must prove "materiality" as an element of the offense.  Therefore, the "one purpose" language in the indictment reduces the government's burden of proof and "will allow the jury to convict Mr. Mathur for what may have been an incidental rather than material purpose in his own mind based upon the testimony of [the physician]."  Motion at 5:17-20.  Mathur asserts the bolded language should be replaced with "if *the* purpose of conferring remuneration...." Motion at 3:6-7.

### B.     The Government's Response (Dkt. #90).

The government responds that Mathur's Motion is premature and misplaced. Relying on the Ninth Circuit's opinion in *United States v. Ramirez,* 710 F.2d 535, 544-45 (9th Cir. 1983), the government argues that the purpose of Rule 7(d) of the Federal Rules of Criminal Procedure is to protect a defendant from prejudicial or inflammatory allegations that are not relevant or material to the charges. Mathur has not shown the "one purpose" language in paragraph four of the Indictment is prejudicial, inflammatory, or immaterial. Instead, Mathur argues that the government's interpretation of the anti-kickback statute is incorrect. A motion under Rule 7(d) to challenge its interpretation of the anti-kickback statute is inappropriate and premature. The court need not decide whether the "one purpose" test constitutes an element of the offense charged in the Indictment until after the close of evidence. If the court refrains from reading the Indictment to the jury before the close of evidence, paragraph four need not be edited or stricken now, and Mathur will suffer no prejudice. If it is the trial judge's preference to read the Indictment to the jury and she later determines the "one purpose" test does not apply, the court can disregard and delete that language in paragraph four of the Indictment. The government's response does not address Mathur's arguments about the applicability of the "one purpose" test or *Gaudin* but offers file a supplemental brief on the issue if the court requires.

### C.     Mathur's Reply (Dkt. #91).

In reply, Mathur asserts the "one purpose" language is obviously prejudicial because the Indictment misstates the appropriate legal standard and contains language purporting to be an element of the offense charged that is not included in the statutory language of 42 U.S.C. § 1320a-7b(b). Mathur agrees hat the court should not read the Indictment to the jury or provide a copy of the Indictment to the jury until the propriety of the "one purpose" test is decided. However, Mathur asserts that the court should decide the applicability of the "one purpose" standard well before trial because that decision will impact the way defense counsel prepares for trial.

## II.    Analysis.

Rule 7(d) of the Federal Rules of Criminal Procedure provides that the court "may strike surplusage from the indictment." *Id.* It is intended to protect a criminal defendant against immaterial or irrelevant allegations in an indictment which may be prejudicial. When the rule was adopted in

1944, the advisory committee noted that Rule 7(d) was intended to introduce a means of protecting a criminal defendant against "immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." *Id.* A court's authority to strike surplusage is limited to a defendant's motion in light of the Supreme Court's holding in *Ex Parte Bain*, 121 U.S. 1, 12 (1887), *overruled on other grounds by United States v. Cotton*, 535 U.S. 625, 629-31 (2002) (the constitutional guaranty of an indictment by a grand jury implies that the indictment may not be amended, and in making a motion under Rule 7(d), a defendant waives this right). *See* Fed.R.Crim.P. 7(d) advisory committee's note.

      A motion to strike surplusage is directed to the sound discretion of the trial court. *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988). It should only be granted where the disputed allegations are prejudicial or inflammatory and not relevant or material to the charges. *Id.* (citing *United States v. Ramirez,* 710 F.2d 535, 544-46 (9th Cir. 1983)). For example, Rule 7(d) has been used to strike an alias from indictments where the alias was not relevant to the issue of defendant's identification. *Ramirez*, 710 F.2d at 545 (citing *United States v. Wilkerson*, 456 F.2d 57 (6th Cir.), *cert. denied,* 408 U.S. 926 (1972)). It has also been used to strike prejudicial language in an indictment describing a defendant's prior felony conviction for carrying a handgun where the defendant was charged with possession of a firearm by a previously-convicted felon. *Id.* (citing *United States v. Poore,* 594 F.2d 39, 41 (4th Cir. 1979)).

      The issue here concerns the court's determination of the elements of a 42 U.S.C. § 1320a-7b(b) offense. Mathur agrees that additional briefing can be provided to decide whether the "one purpose" cases apply to this prosecution. However, he argues that the court should decide the issue pre-trial rather than after the close of evidence. *Greber* and *Kats* were both decisions that involved convictions under the anti-kickback statute. By contrast, *Gaudin* involved a conviction for making material false statements to a government agency under 18 U.S.C. § 1001. The question presented to the Supreme Court in *Gaudin* was whether the trial court should have submitted the question of the materiality of the false statements to the jury. Both sides in *Gaudin* agreed that the materiality of the false statements was an element of the offense charged. They disagreed whether the issue of materiality was a legal question for the court to decide or a factual question for the jury to decide. The Supreme Court held the issue of materiality should have been submitted to the jury. The decision did not discuss or decide the

"knowingly and wilfully" element of the offense charged, so it is far from clear how Mathur claims *Gaudin* overruled the "one purpose" holdings of *Greber* and *Kats*.

As Mathur concedes additional briefing is required on the issue of whether the "one purpose" rule remains good law after *Gaudin,* the court finds this issue is best reserved for the jury instruction phase after the evidence has been presented. Both sides agree that the disputed language in paragraph four of the Indictment should not be read to the jury. If this language is not read to the jury, Mathur will not be prejudiced if the trial judge ultimately agrees that the "one purpose" rule is no longer good law after *Gaudin*.

The trial judge has entered an Order Regarding Trial (Dkt. #111) requiring counsel to submit their proposed jury instructions and trial memoranda the week before trial. Both sides will therefore be afforded an opportunity before trial to state their respective positions on how the jury should be charged and to provide the court with any authority supporting their requested instructions. The court's instructions will charge the jury on the elements of the offense the government must prove, ensuring the instructions require the government to satisfy its burden of proof and present the defendant's theory. *See, e.g., United States v. Somsamouth*, 352 F.3d 1271, 1274 (9th Cir. 2003) (whether a district court's instructions fairly and adequately covered the elements of the offense is reviewed for abuse of discretion; whether a district court's instructions presented the defendant's theory of the case reviewed de novo).

For these reasons,

**IT IS ORDERED** that Mathur's Motion to Strike Prejudicial Surplusage from the Indictment (Dkt. #74) is DENIED.

Dated this 4th day of September, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE